IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | NO. 09-11786 (CSS) |
| VISTEON CORPORATION, et al. | : | |
|     Reorganized Debtors. | : | |
| | : | |
| NATHAN PARKS, | : | CIVIL ACTION |
|     Petitioner, | : | NO. 11-148 |
| v. | : | |
| | : | |
| VISTEON CORPORATION, et al., | : | |
|     Respondents. | : | |

## MEMORANDUM RE: MOTION FOR WITHDRAWAL OF REFERENCE

**Baylson, J.**                                                                                                   **May 9, 2011**

      Petitioner Nathan Parks ("Parks") filed a Motion for Withdrawal of the Reference to the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (ECF No. 1) with respect to the objection to proof of his wrongful death claim (the "Claim Objection") filed by Visteon Corporation ("Visteon") and the reorganized debtors in the related Chapter 11 cases (collectively, the "Reorganized Debtors"). The Reorganized Debtors opposed withdrawal and filed a related Motion in Bankruptcy Court to Determine Core Status of the Reorganized Debtors' Objections to Proof of Claim Numbers 694, 695, and 2808 ("Motion to Determine Core Status"). The Bankruptcy Court entered an Order divesting itself of any jurisdiction, core or non-core, over the Reorganized Debtors' claim objections, including the objection to Parks's wrongful death claim. Following review of the parties' briefing, and the Bankruptcy Court's Order of divestiture of jurisdiction over the Claim Objection, the Court will grant the Motion for Withdrawal of Reference.

## I. Background

The Reorganized Debtors filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code on May 28, 2009 in the United States Bankruptcy Court for the District of Delaware (In re: Visteon Corp., et al., Case No. 09-11786). The bankruptcy filing stayed Parks's wrongful death suit against Visteon, which concerned the death of his spouse, Kora Parks, as a result of severe head injuries she suffered in a single-car accident. Parks v. Ford, No. 0816-00669 (Mo. Cir. Ct. June 10, 2008). On October 8, 2009, Parks filed a proof of claim form (Claim No. 2808) (the "Claim") in the bankruptcy case for amounts allegedly due on the wrongful death claim.

On August 31, 2010, the Bankruptcy Court entered its "Findings of Fact, Conclusions of Law and Order Confirming Fifth Amended Joint Plan of Reorganization of Visteon Corporation and its Debtor Affiliates," confirming the Debtors' fifth amended joint plan of reorganization (the "Plan"). (Bankr. D.I. 4101). The Plan became effective on October 1, 2010. (Bankr. D.I. 4334).

On January 7, 2011, the Reorganized Debtors filed an objection to Parks's Claim as unenforceable as a matter of law (Bankr. D.I. 4689), and the Motion to Determine Core Status of the claim (Bankr. D.I. 4690) (ECF No. 2, Ex. A). Parks filed a Response to the Reorganized Debtors' Claim Objection (Bankr. D.I. 4842; ECF No. 13, Ex. A), in which he discussed numerous factual disputes between the parties regarding the underlying wrongful death claim.

On February 17, 2011, Petitioner Nathan Parks filed the Motion for Withdrawal of Reference With Respect to the Reorganized Debtors' Objection to his Proof of Claim (ECF No. 1), which is currently pending before this Court. On March 15, 2011, the Reorganized Debtors

filed their Response opposing the Motion (ECF No. 10), to which Parks replied on April 1, 2011 (ECF No. 13). On April 8, 2011, the Reorganized Debtors filed a Motion for Leave to File a Sur-reply (ECF No. 14), which the Court granted on April 25, 2011 (ECF No. 16).

On April 29, 2011, the Bankruptcy Court entered an Order (Bankr. D.I. 4945) granting in part and denying in part the Motion to Determine Core Status. Bankruptcy Judge Sontchi made the following rulings:

1) The Bankruptcy Court has core jurisdiction to determine the allowance or disallowance of a personal injury or wrongful death tort claim.

2) The Bankruptcy Court has non-core jurisdiction to determine the amount of a personal injury or wrongful death tort claim.

3) Under 28 U.S.C. § 157(b)(5), the Bankruptcy Court does not have jurisdiction to make any factual determinations in a personal injury or wrongful death tort claim, which must be resolved in the district court.

4) Because the Reorganized Debtors' Claim Objections concern disputed facts that must be tried in district court, the Bankruptcy Court was divested of any jurisdiction over the Claim Objections.

## II. The Parties' Contentions

In the Withdrawal Motion, Parks contends that the limited jurisdiction of the bankruptcy courts does not extend to personal injury claims under 28 U.S.C. § 157(b)(2)(B) and 28 U.S.C. § 157(b)(2)(O). Parks asserts that pursuant to 28 U.S.C. § 157(d), the district court may withdraw the reference "for cause shown" on two grounds. First, 28 U.S.C. § 157(b)(5) deprives the Bankruptcy Court of jurisdiction to hear the action, because Congress has directed that district

courts resolve personal injury claims. Second, the interests of judicial economy favor resolving the wrongful death claim in a single forum, the district court. In his Reply, Parks contends that withdrawal is mandatory, rather than permissive, under 28 U.S.C. § 157(b)(5). Alternatively, Parks argues that the factors identified in In re Pruitt, 910 F.2d 1168 (3d Cir. 1990) for determining whether "cause" exists for permissive withdrawal of the reference weigh in favor of withdrawal.

The Reorganized Debtors respond that Parks failed to show cause for permissive withdrawal for two reasons. First, the Claim Objection is a "core proceeding" on which the Bankruptcy Court may enter a final judgment. Second, even if the proceeding is non-core, judicial efficiency would be served by keeping the matter in the Bankruptcy Court. The Reorganized Debtors dispute in their Sur-reply that the In re Pruitt factors support withdrawal.

### III. Jurisdiction

The district courts have original, but not exclusive, jurisdiction over bankruptcy proceedings and civil proceedings arising in or related to bankruptcy cases under title 11. 28 U.S.C. § 1334(b). Therefore, this Court has jurisdiction to decide the Motion for Withdrawal of Reference.

### IV. Standard of Review

To the extent this Court reviews the decision of the Bankruptcy Court on the related Motion to Determine Core Status, the Court "review[s] the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof." Interface Group-Nevada, Inc. v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.), 145 F.3d 124, 131 (3d Cir. 1998) (citing Ferrara & Hantman v. Alvarez (In re Engel), 124 F.3d 567, 571 (3d Cir. 1997)).

## V. Discussion

A bankruptcy court exercises its jurisdiction pursuant to a standing order of reference in proceedings "arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a). The district court's authority to withdraw a reference to the bankruptcy court is governed by 28 U.S.C. § 157(d), which provides for both mandatory and permissive withdrawal. Withdrawal is mandatory if the resolution of the matter requires consideration of both Title 11 and other federal laws. 28 U.S.C. § 157(d). Withdrawal is discretionary if a moving party can show cause. 28 U.S.C. § 157(d).

The Third Circuit has set forth factors that a district court should consider in determining whether there is "cause" for permissive withdrawal: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990) (citing Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985)). The court also may consider the timing of the request for withdrawal. Id. A further consideration is whether the claim is to be tried by jury, which weighs in favor of withdrawal in a non-core proceeding. NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.), 203 B.R. 905, 908 (D. Del.1996) (citing Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec., 106 B.R. 367, 371 (D. Del. 1989)).[1] However, a jury demand is not dispositive. Am. Classic Voyages Co. v. Westaff (USA), Inc. (In re Am. Classic Voyages Co.), 337 B.R. 509, 511 (D. Del. 2006)) (citation and internal quotation marks omitted) ("[I]t is well-settled that a district court is not compelled to

---

[1] A bankruptcy judge may conduct a jury trial only if the matter may be heard by the bankruptcy court, the district court "specially designates" jurisdiction to the bankruptcy court, and the parties expressly consent. 28 U.S.C. § 157(e).

withdraw a reference simply because a party is entitled to a jury trial.").

A threshold determination is whether the matter to be withdrawn is a core or non-core proceeding in bankruptcy court. Penn. Acad. of Music v. Regitz, No.10-172, 2010 WL 4909952, at *2 (E.D. Pa. Nov. 30, 2010) (Baylson, J.) (citing Davis v. Deutsche Bank Nat'l Trust Co. (In re Davis), No. 06-123, 2006 WL 3392167, at *2 (E.D. Pa. Nov. 20, 2006)) (Joyner, J.). The distinction is significant because a Bankruptcy Court cannot conduct a jury trial in a non-core proceeding, whereas it may conduct a jury trial in a core proceeding in some instances. See Beard v. Braunstein, 914 F.2d 434, 442-43 (3d Cir. 1990).

To determine whether the proceeding at issue is defined as core, the court first considers whether it fits into one of the "core" categories delineated by 28 U.S.C. § 157(b). Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999). The court also evaluates whether the matter satisfies the Third Circuit's test for a core proceeding, by inquiring whether it "'invokes a substantive right provided by title 11'" or "'by its nature, could arise only in the context of a bankruptcy case.'" Id. (quoting Torkelsen v. Maggio (In re Guild & Gallery Plus, Inc.), 72 F.3d 1171, 1178 (3d Cir. 1996)).

In this case, the Bankruptcy Court found that allowance or disallowance of Parks's Claim was a core proceeding, but estimation of the claim amount is non-core. Under 28 U.S.C. § 157(b)(2)(B), core proceedings include "allowance or disallowance of claims against the estate or exemptions from property of the estate . . . but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims." Personal injury and wrongful death tort claims are also excluded by 28 U.S.C. § 157(b)(2)(O), which states: "Core proceedings include. . . other proceedings affecting the liquidation of the assets of the estate or the adjustment

of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." Moreover, applying the Third Circuit's test in Halper, allowance of a claim is a proceeding that by its nature arises only in the bankruptcy context, whereas determination of the amount of a wrongful death claim is not unique to bankruptcy and does not invoke a substantive right under title 11. Therefore, the Court agrees that allowance or disallowance of the wrongful death claim is a core proceeding, but estimation of the claim amount is non-core.

The Bankruptcy Court also considered another relevant statutory provision, which provides that "personal injury tort and wrongful death claims shall be tried in the district court." 28 U.S.C. § 157(b)(5). "The mandate from Section 157(b)(5), that personal injury tort and wrongful death claims be tried by the district court, effectively deprives the Bankruptcy Court of jurisdiction to entertain the instant action." Meyer v. Northwestern Corp. (In re Northwestern Corp.), No. 03-12872 CGC, 04-167 JJF 2004 WL 1044383, at *1 (D. Del. Apr. 29, 2004) (Farnan, J.) (citing Hansen v. Borough of Seaside Park (In re Hansen), 164 B.R. 482, 485-86 (D.N.J. 1994)) (granting a motion for withdrawal of reference of a personal injury and wrongful death lawsuit). Judge Sontchi properly determined that questions of disputed fact as to the wrongful death claim cannot be resolved by the Bankruptcy Court.

Moreover, several In re Pruitt factors counsel in favor of withdrawal. First, the Bankruptcy Court's retention of this claim would not promote uniformity of bankruptcy administration, because the claim will require resolution of issues of Missouri tort law. Second, the parties have not submitted facts suggesting forum shopping is an underlying motivation. Third, following confirmation and effectiveness of the Plan, it is more economical for the

Bankruptcy Court to spend its resources on administration of the bankruptcy estate. Homeland Stores, Inc. v. Burris (In re Homeland Stores, Inc.), 204 B.R. 427, 434 (D. Del. 1997) (once the Bankruptcy Court "has fulfilled its raison d'etre," it should not spend resources on a claim that "does not implicate the expertise of the Bankruptcy Court in juggling creditors' or debtors' rights or wading through the complexities of the Bankruptcy Code"). Finally, although the parties dispute whether Parks waived his right to a jury trial, Parks has expressed an intention to seek jury trial. Reply Br. 3 n.1.[2] Uni Marts, LLC v. NRC Realty Advisors, LLC (In re Uni Marts, LLC), Civ. A. No. 09-164-JJF, 2009 WL 1631821, at *2 (D. Del. June 11, 2009) (Farnan, J.) (whether the claimant "has expressed its intention to seek a jury trial on the legal claims at issue" supports withdrawal, because "[t]he Bankruptcy Court cannot hold a jury trial without the parties' consent"). Therefore, Parks has shown sufficient cause for permissive withdrawal of the reference under 28 U.S.C. § 157(d).

**VI.  Conclusion**

For the foregoing reasons, Parks's Motion for Withdrawal of the Reference to the United States Bankruptcy Court for the District of Delaware (ECF No. 1) is granted. The Court withdraws the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d). An appropriate Order follows.

O:\DE Cases\11-148 Parks v. Visteon\Parks - Mot Withdraw Reference Mem.wpd

---

[2] The dispute regarding waiver of the right to jury trial is not presently before the Court.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | NO. 09-11786 (CSS) |
| VISTEON CORPORATION, et al. | : | |
|     Reorganized Debtors. | : | |
| | : | |
| NATHAN PARKS, | : | CIVIL ACTION |
|     Petitioner, | : | NO. 11-148 |
|     v. | : | |
| | : | |
| VISTEON CORPORATION, et al., | : | |
|     Respondents. | : | |

### ORDER RE: MOTION FOR WITHDRAWAL OF REFERENCE

AND NOW, on this 9th day of May, 2011, upon careful consideration of Petitioner's Motion for Withdrawal of the Reference to the United States Bankruptcy Court for the District of Delaware (ECF No. 1), and the response thereto, and for the reasons in the accompanying Memorandum, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____
Michael M. Baylson, U.S.D.J.

O:\DE Cases\11-148 Parks v. Visteon\Parks - Mot Withdraw Reference Ord.wpd